**In the Matter of Herman Henry LAUCK, Debtor.**

**Bankruptcy No. BK87–1315.**

United States Bankruptcy Court, D. Nebraska.

Aug. 7, 1987.

Nancy L. Thompson, Legal Aid Society, Walthill, Neb., for debtor.

Richard Lydick, Omaha, Neb., Trustee.

Charles Balsiger, Norfolk, Neb., for creditor Federal Land Bank.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

Confirmation hearing in this Chapter 12 case was held on June 1, 1987. Nancy Thompson of Walthill, Nebraska, appeared on behalf of the debtor. Charles Balsiger of Norfolk, Nebraska, appeared on behalf of creditor Federal Land Bank and Richard Lydick appeared as trustee.

Evidence was produced and the Court finds that the debtor is qualified as a family farmer debtor under Chapter 12 of the Bankruptcy Code.

The only issue for decision by the Court is whether or not this debtor may separate his acreage containing the farm house and buildings, pay for the acreage in cash and then pay off the balance of the secured claim of the Federal Land Bank over time.

The debtor argues that the Federal Land Bank will receive the full value of its allowed secured claim by such procedure and

that treating the acreage of "homestead" as a separate parcel simply is a modification of the mortgage lien held by the Federal Land Bank and is permissible under Chapter 12. In addition, the debtor argues that the Nebraska Legislature authorized such modification of the creditor's mortgage lien in 1986 by the passage of Legislative Bill 3, the Farm Homestead Protection Act, Legislature of Nebraska, Eighty-ninth Legislature, Third Special Session. This statutory change was effective November 21, 1986.

The position of the Federal Land Bank is that the state law relied upon for authority by the debtor provides that for mortgages executed prior to November 21, 1986, the debtor, at a sheriff's sale following a foreclosure judgment, has the right to bid on the "homestead" designated by the debtor and if the price obtained at the sale from the homestead and farm land being offered separately equals or exceeds the price obtained by offering the farmstead as one unit, the debtor has the right to purchase the "homestead". The Federal Land Bank alleges that the new state law specifically directs that for mortgages executed before the effective date of the law the only manner in which the debtor may sever or partition his "homestead" from the total unit covered by the mortgage is through the sale process and that under such state law the debtor is not permitted to make such severance by the "appraisal" process. The Federal Land Bank further argues that the values agreed upon in this case for the total unit and the separate "homestead" were arrived at by the appraisal process and, therefore, the Nebraska Statute is inapplicable.

Prior to the Chapter 12 case being filed, a decree of mortgage foreclosure was taken in the State Court. The debtor exercised his right to a nine-month stay on the Order of Sale and Foreclosure and the stay expired prior to Chapter 12 being filed.

In the Chapter 12 case the debtor proposes that upon payment of $20,000 to the Federal Land Bank for the "homestead" the homestead should be partitioned and set off free and clear of the lien of the Federal Land Bank.

The judgment lien of the Federal Land Bank is in the amount of $113,607.78 together with per diem interest of $41.91635 after June 16, 1986, plus costs.

The parties have agreed upon the value of all of the land covered by the Federal Land Bank mortgage and foreclosure judgment at $63,000. The parties have additionally agreed that the "homestead" which the debtor proposes to purchase for cash is worth $20,000 of that $63,000 total. Pursuant to the plan, the debtor would pay the balance of $43,000 over a period of years at 10% per year.

The parties apparently prefer that this Court decide this case based upon an analysis of the newly-enacted state statute. This statute has not been interpreted by the Nebraska Supreme Court and, since this Court believes that federal bankruptcy law can be used to determine the legal issue, it will decline the opportunity to interpret the Nebraska Statute in this case.

To determine whether or not the debtor in a Chapter 12 case may sever a parcel of real estate included under a mortgage with other real estate, pay cash for the severed portion and then pay the balance of the allowed secured claim over time, the Court refers to 11 U.S.C. § 1206 and 11 U.S.C. § 1222(b)(2). Section 1206 states:

After notice and a hearing, in addition to the authorization contained in Section 363(f), the trustee in a case under this chapter may sell property under Section 363(b) and (c) free and clear of any interest in such property of an entity other than the estate if the property is farm land or farm equipment, except that the proceeds of such sale shall be subject to such interest.

Section 1222(b) states in relevant part: Subject to sub-sections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, or holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

Section 363(b)(1) provides:

The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

It is clear that Section 1222(b)(2), on its face, permits the rights of holders of secured claims, such as the Federal Land Bank in this case, to be modified. It is also clear that Section 1206 permits the sale of property of the estate following the appropriate notice and hearing. Property of the estate being sold pursuant to Section 1206 is free and clear of the interest of the party holding an allowed secured claim if the property is farm land. It further is clear that the interest of the creditor attaches to the proceeds of such sale.

In this case the debtor desires to sell a severable portion of farm land which is subject to the mortgage and now foreclosure judgment of the Federal Land Bank. The parties have agreed upon the fair market value of that portion and upon the fair market value of the balance of the real estate.

The confirmation hearing was held upon notice to the affected creditor and that affected creditor did participate in the hearing.

The plan proposes to pay the actual cash value as determined by the parties, $20,000, to the Federal Land Bank upon confirmation. The plan further proposes to pay the balance of the Federal Land Bank's allowed secured claim, $43,000 over time, with the appropriate interest rate. This Court concludes that the plan as proposed by the debtor does meet all of the confirmation requirements and that severable parcels of farm land may be sold free and clear of the claims of the secured creditor. Since there is no evidence before this Court that the severance of the "homestead" will affect the market value of the balance of the farming unit, the Court does not need to speculate with regard to possible defaults by the family farmer on future payments to the Federal Land Bank, nor upon the value of the remaining parcels subject to the mortgage at some future point in time.

Judgment will be entered on separate journal entries.